1  Stephen P. Brunner, No. 94970
   Attorney at Law
2  115 Sansome Street, Suite 1204
   San Francisco, California 94104
3  Telephone: (415) 434-3700
   Facsimile: (415) 434-3622
4  Email: aba@sonic.net

5  Attorney for Plaintiff
   LANDMARK WORLDWIDE LLC, a Delaware limited liability company

6

7

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11 LANDMARK WORLDWIDE LLC, a      )  No. **13   2815**
   Delaware limited               )
12 liability company,             )  COMPLAINT FOR COPYRIGHT
                                  )  INFRINGEMENT, TRADEMARK
13            Plaintiff,          )  INFRINGEMENT, MISAPPROPRIATION
                                  )  OF TRADE SECRETS, BREACH OF
14        v.                      )  CONTRACT, COMMON LAW UNFAIR
                                  )  COMPETITION, INTERFERENCE WITH
15 ALJOR C. PERRERAS, an          )  PROSPECTIVE ECONOMIC ADVANTAGE,
   individual, and TRANSFORMASIA  )  BREACH OF THE IMPLIED COVENANT
16 CORPORATION, a business        )  OF GOOD FAITH AND FAIR DEALING,
   entity,                        )  AND FOR DECLARATORY RELIEF; EX-
17                                )  HIBITS A-D
            Defendants.           )
18 _____)  DEMAND FOR JURY TRIAL

19

20

21        Plaintiff alleges:

22                    THE PARTIES

23     1.   Plaintiff, LANDMARK WORLDWIDE LLC, formerly known as

24 Landmark Education LLC ("Landmark"), is a limited liability company

25 duly organized and existing under the laws of the State of Dela-

26 ware.  Landmark is a global enterprise engaged in the business of

27 delivering programs for personal and professional growth, training,

28 and development to individuals, including in the Philippines.

1 Landmark was and is qualified to engage in and is engaging in busi-
2 ness in this district, and is headquartered in San Francisco, Cali-
3 fornia.

4    2.    Landmark is informed and believes and on that basis
5 alleges that defendant, ALJOR C. PERRERAS ("Perreras"), is an
6 individual citizen of the Philippines and a resident of Makati
7 City, Philippines, and that defendant, TRANSFORMASIA CORPORATION
8 ("Transformasia"), is a corporation organized and existing under
9 the laws of the Philippines.   Landmark further is informed and
10 believes and on that basis alleges that Perreras is the president
11 and 84% majority shareholder of Transformasia.

12    3.    Landmark is informed and believes and on that basis al-
13 leges that at all relevant times, Perreras acted individually or as
14 the agent, employee, or representative of Transformasia within the
15 course, scope and authority of any such relationship.   Landmark is
16 informed and believes and on that basis alleges that each defendant
17 aided and abetted the actions of each other defendant as alleged
18 herein, and that each defendant knew or ratified said actions and
19 assisted and benefitted from said actions, in whole or in part.

20                   FACTS COMMON TO ALL CLAIMS

21    4.    On or about January 1, 2009, Transformasia, in the person
22 of Perreras, and Landmark entered into a written Landmark Education
23 Master Training and Certification Agreement (the "Training Agree-
24 ment") to train Transformasia's employees to deliver Landmark's The
25 Landmark Forum (the "Program") as Landmark Certified Consultants to
26 lead certain Landmark-licensed programs.   The Training Agreement
27 included as its Appendix C an itemized list of hundreds of pages of
28 training materials proprietary to Landmark (the "Materials") for

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 2

1  use by Transformasia and Perreras pursuant to the Training Agree-
2  ment.  A true and correct copy of said Appendix C is attached and
3  incorporated as Exhibit A.  Consistent with the Training Agreement,
4  from August to December 2009 Landmark trained Perreras and others
5  in San Francisco, California, in the Philippines, and elsewhere,
6  and provided to Transformasia and Perreras Materials in conjunction
7  with said training.  Landmark is informed and believes and on that
8  basis alleges that thereafter, Transformasia and Perreras continued
9  to use the Materials to conduct live seminars in the Philippines
10 delivered by Landmark Certified Consultants, or currently intends
11 to and is pursuing the means to do so.  Landmark is informed and
12 believes and on that basis alleges that from and after 1998
13 Perreras also had traveled to and lived in California to partici-
14 pate in other Landmark programs in California.  Landmark is in-
15 formed and believes and on that basis alleges that Perreras has had
16 continuous and systematic business contacts in the United States
17 and in California.  The Training Agreement was in all respects to
18 be governed by the laws of the United States.

19      5.   The Program is Landmark's unique course of instruction
20 designed to support participants in being more effective in realiz-
21 ing their personal and societal goals.  Through a series of philo-
22 sophically rigorous and open discussions, voluntary sharing of
23 participants' experiences, and short exercises, the Program pro-
24 vides an opportunity to explore basic questions that have been of
25 interest to human beings throughout time and to examine many as-
26 pects of each participant's own life.  The Program offers a unique,
27 proprietary technology through which participants create new possi-
28 bilities for their lives.

6. In order to promote and respect the confidentiality of Program participants and Landmark's intellectual property, the Training Agreement included express provisions about Landmark's Materials, including the following express representations, covenants, warranties, and agreements:

a. No title to or ownership of the Licensed Programs or Proprietary technology or intellectual property was transferred to Transformasia. Landmark owned and retained all title and ownership of all intellectual property rights in the Licensed Programs, Training Programs, and Materials, including all communications, either written or electronic, as they pertain to the Licensed Programs and Training Programs.

b. Any modifications to and derivative works from the Licensed Programs and/or from the Training Programs, and/or the Materials made by either Transformasia or its employees (including its President, Perreras) were deemed to be the property and ownership of Landmark.

c. Transformasia agreed not to file any new trademark, and/or trade name applications(s), in any class and in any country that in Landmark's opinion was the same as, similar to, or that contained, in whole or in part, any or all of Landmark's trade names and trademarks, and further agreed to not register or use as its own any internet domain name which contains Landmark's or other trademarks in whole or in part or any other name which is confusingly similar to Landmark. This agreement survived the expiration or other termination of the Training Agreement.

d. The Training Agreement and Transformasia's rights and obligations arising under the Training Agreement may not be

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 4

1 | assigned by Transformasia without Landmark's prior written consent;
2 | no such consent was or is given.

3 |     7.   On or about August 17, 2009, Landmark and Perreras en-
4 | tered into a written Landmark Education Non-Competition Agreement
5 | (the "2009 Non-Competition Agreement") for Landmark to train
6 | Perreras to lead the Program and other programs delivered to the
7 | public by Landmark.  Again, Landmark expressly told Perreras that
8 | Landmark would train Perreras in commercially-valuable proprietary
9 | technology which was contained in the Program and other Landmark
10 | programs and which was protected by copyright, trade secret and
11 | other applicable laws.  The 2009 Non-Competition Agreement applied
12 | equally to Landmark's wholly-owned subsidiary, Vanto Group, Inc., a
13 | Delaware corporation ("Vanto"), and was to be interpreted in accor-
14 | dance with and governed by the laws of the State of California.

15 |     8.   In order to promote and respect the confidentiality of
16 | Program participants and Landmark's intellectual property, the 2009
17 | Non-Competition Agreement included express provisions about Land-
18 | mark's and Vanto's non-public Materials pertaining to the business
19 | of Landmark and Vanto, including the following express representa-
20 | tions, covenants, warranties, and agreements:

21 |     a.   On termination of Perreras's training and leading
22 | programs, Perreras would not, without prior written consent of
23 | Landmark or absent compulsory legal process validly issued, direct-
24 | ly or indirectly, in whole or in part, use (for Perreras's own use
25 | or others), divulge, disclose, or make accessible to any other
26 | person, firm, partnership, corporation, association or other entity
27 | any non-public Materials pertaining to the business of Landmark or
28 | Vanto.  No such consent was or is given.  Perreras further agreed

1 to notify Landmark immediately on Perreras first obtaining knowl-
2 edge of the existence of such compulsory legal process, and to
3 reasonably cooperate in all efforts undertaken by Landmark to modi-
4 fy, quash, suppress, or otherwise render ineffectual such process.

5        b.    In the event of Perreras's breach or threatened
6 breach of Perreras's promises stated in paragraph 8a, above, Land-
7 mark shall be entitled to an injunction restraining Perreras from
8 disclosing the aforementioned non-public Materials, and from ren-
9 dering any services to any person, firm, partnership, corporation
10 (such as Transformasia), association or other entity to whom non-
11 public Materials have been disclosed or are threatened to be dis-
12 closed.

13        c.    Landmark additionally is able to pursue other reme-
14 dies available to Landmark for Perreras's breaches or threatened
15 breaches of the 2009 Non-Competition Agreement, including the re-
16 covery of damages from Perreras.

17        d.    The rights and obligations set forth in the 2009
18 Non-Competition Agreement by their nature expressly survived and
19 continued after termination of the 2009 Non-Competition Agreement.

20     9.    On or about August 17, 2009, Landmark and Perreras en-
21 tered into a written Landmark Education Staff No Resale Agreement
22 (the "No Resale Agreement") to confirm expressly the protection
23 provided to Landmark's Materials and business records used and made
24 available in Landmark's training of Perreras.

25     10.    In the No Resale Agreement, Perreras expressly understood
26 and agreed that:

27        a.    All Materials, concepts, and information used, ei-
28 ther orally or in writing, to train Perreras and thereafter for

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 6

1  Perreras to lead Landmark programs are the property of Landmark and
2  are protected by copyright, trade secrets, and other applicable
3  laws.

4          b.    Perreras would not reproduce, copy, or otherwise
5  duplicate Landmark's Materials, concepts, and information without
6  Landmark's prior written permission.

7          c.    Perreras would not resell, modify and resell or
8  repackage and resell Landmark's Materials, concepts, and informa-
9  tion.

10         d.    Landmark's Materials, concepts, and information
11 consisted of various trade secrets, including abstractions, tech-
12 nologies, processes, techniques, programs, compilations of re-
13 search, and the like that are owned by Landmark in the conduct of
14 Landmark's activities.

15         e.    Without Landmark's prior written permission,
16 Perreras would not deliver Landmark's Materials, concepts, and
17 information, either reproduced or modified, or anything derived
18 from Landmark's Materials, concepts, and information, either orally
19 or in writing, as part of any seminar, training program, workshop,
20 consulting or similar business activity, which in the future
21 Perreras might make available to others.

22         f.    All participant information, files, records, docu-
23 ments, manuals and similar items relating to Landmark's business,
24 whether prepared by Perreras or that otherwise came into Perreras's
25 possession, were confidential and shall remain the exclusive prop-
26 erty of Landmark.  Further, Perreras would respect and protect such
27 business records, and would return to Landmark any such business
28 records on termination of Perreras's training and termination of

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 7

1  Perreras leading Landmark programs.

2      11.    The No Resale Agreement includes an arbitration provi-
3  sion.  Any arbitration proceeding must be instituted within the
4  State of California in accordance with the Expedited Labor Arbitra-
5  tion Rules of the American Arbitration Association and within three
6  months after the controversy or claim arises.  Landmark timely
7  instituted said arbitration proceeding in San Francisco, Califor-
8  nia.    Given    the    non-contracting    essential    defendant
9  (Transformasia), defendants' continuing copyright infringements in
10 the Philippines as alleged below, the scope of the provision, the
11 lack of an arbitration provision in any other Landmark/Perreras/
12 Transformasia agreement involved in the within matter, and the
13 ineffectiveness of an equitable remedy through arbitration, Land-
14 mark has been and is legally excused from performing all conditions
15 and obligations, if any, to be performed on Landmark's part under
16 said arbitration provision by the acts and omissions of Perreras as
17 herein alleged.

18     12.    On or about June 30, 2012, Landmark and Perreras entered
19 into a written Landmark Education Agreement Not To Compete (the
20 "2012 Non-Competition Agreement") for Landmark to engage Perreras
21 to lead the Program and other programs delivered to the public by
22 Landmark.  Yet again, Landmark expressly told Perreras that commer-
23 cially valuable proprietary technology was contained in the Program
24 and such other programs, and is protected by copyright, trade se-
25 cret, and other applicable laws.  The 2012 Non-Competition Agree-
26 ment applied equally to Vanto, and was to be interpreted in accor-
27 dance with and governed by the laws of the State of Delaware.

28     13.    In order to promote and respect the confidentiality of

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 8

Program participants and Landmark's intellectual property, the 2012 Non-Competition Agreement included express provisions about Landmark's and Vanto's non-public Materials pertaining to the business of Landmark and Vanto, including the following express representations, covenants, warranties, and agreements:

   a.    On termination of Perreras's engagement, Perreras would not, without prior written consent of Landmark or absent compulsory legal process validly issued, directly or indirectly, in whole or in part, use (for Perreras's own use or others), divulge, disclose, or make accessible to any other person, firm, partnership, corporation, association or other entity any non-public Materials pertaining to the business of Landmark or Vanto.  No such consent was or is given.  Perreras further agreed to notify Landmark immediately on Perreras first obtaining knowledge of the existence of such compulsory legal process, and to reasonably cooperate in all efforts undertaken by Landmark to modify, quash, suppress, or otherwise render ineffectual such process.

   b.    In the event of Perreras's breach or threatened breach of Perreras's promises stated in paragraph 13a, above, Landmark shall be entitled to an injunction restraining Perreras from disclosing the aforementioned non-public Materials, and from rendering any services to any person, firm, partnership, corporation (such as Transformasia), association or other entity to whom non-public Materials have been disclosed or are threatened to be disclosed.

   c.    Landmark additionally is able to pursue other remedies available to Landmark for Perreras's breaches or threatened breaches of the 2012 Non-Competition Agreement, including the re-

1    covery of damages from Perreras.

2        d.    The rights and obligations set forth in the 2012

3    Non-Competition Agreement by their nature expressly survived and

4    continued after termination of the 2012 Non-Competition Agreement.

5                JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

6        14.    This Court has subject matter jurisdiction over Land-

7    mark's copyright infringement and related claims pursuant to 17 USC

8    §501, and 28 USC §§1331, 1332(a)(2) and 1338(a) and 1367, and pur-

9    suant to the trademark laws of the United States, 15 USC §§1114, *et*

10   *seq.*, and in part pursuant to the Lanham Act, as amended, 15 USC

11   §§1051, *et seq.*  This Court has supplemental jurisdiction over

12   Landmark's claims under the laws of California and Delaware pursu-

13   ant to 28 USC §§1332, 1338(b) and 1367(a), and 15 USC §1121, be-

14   cause said claims are joined with substantial and related claims

15   under Federal law, and because said claims form part of the same

16   case or controversy and derive from a common nucleus of operative

17   facts.  This Court has jurisdiction over the count for declaratory

18   relief pursuant to 15 USC §1116 and 28 USC §2201.

19       15.    Venue arises under 28 USC §§1391 and 1391(d) because

20   Landmark is located in the Northern District of California, San

21   Francisco Office, and because defendants, and each of them, as

22   aliens may be sued in any federal district.  Pursuant to Civil L.R.

23   3-2(c) and General 44(d)(3), this Intellectual Property Action is

24   an excepted category but nevertheless properly filed in the San

25   Francisco Division.

26                        FIRST CLAIM FOR RELIEF
                (Continuing Copyright Infringements per 17 USC §§501, *et seq.* -
27                              All Defendants)

28       16.    Landmark repeats and incorporates paragraphs 1 through 15

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 10

1  as though set forth in full.

2      17.   Landmark owns all right, title, and interest in and to
3  "The Landmark Forum Leaders Manual", and related Materials covered
4  by Landmark's Certificate of Registration, including but not limit-
5  ed to the exclusive rights to present the Program and to use and
6  distribute the Program and the Materials.  Among the formal protec-
7  tion for related Materials, Landmark owns all right, title, and
8  interest in and to "Sex and Intimacy: From Predicament to Possibil-
9  ity".  Attached and incorporated as Exhibit B is a true and correct
10  copy of Landmark's operative Certificate of Registration for The
11  Landmark Forum Leaders Manual; attached and incorporated as Exhibit
12  C is a true and correct copy of Landmark's operative Certificate of
13  Registration for Sex and Intimacy: From Predicament to Possibility.
14  If applicable, visually perceptible copies of the Program and the
15  Materials published in the United States or elsewhere by authority
16  of Landmark bear a notice of copyright ("©") pursuant to 17 USC
17  §401.  Landmark has the exclusive rights to do and to authorize the
18  acts set forth in 17 USC §106, and as applied to the Philippines as
19  a signatory or successor to a signatory of the Berne Convention,
20  pursuant to, *inter alia,* 17 USC §§102, 103 and 104(b).

21      18.   Landmark is informed and believes and on that basis al-
22  leges that Perreras and Transformasia, and each of them, infringed
23  and are infringing Landmark's copyrights by accessing, recording,
24  reproducing, copying, and otherwise duplicating some or all of the
25  Program and the Materials in California and by thereafter commer-
26  cially using, reproducing, publishing, broadcasting, disclosing,
27  duplicating, selling and reselling, and repackaging, orally and in
28  writing, or by attempting, planning, and threatening to do the

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.        page 11

1 | foregoing, the Program and the Materials in seminars, training
2 | programs, workshops, consulting, and similar business activities in
3 | the Philippines, without Landmark's approval or authorization.
4 | Landmark is informed and believes and on that basis alleges that
5 | defendants' first infringing acts took place in California as al-
6 | leged herein.  This is a case of continuing copyright infringements
7 | and an action brought for all infringing acts by Perreras and
8 | Transformasia, and each of them, that accrued within the three
9 | years preceding the filing of this lawsuit and thereafter.

10 |        19.    Landmark is informed and believes and on that basis al-
11 | leges that the conduct of Perreras and Transformasia, and each of
12 | them, has been and is willful within the meaning of The Copyright
13 | Act, *inter alia*, because the acts and failures to act by Perreras
14 | and Transformasia, and each of them, as herein alleged have been
15 | with willful blindness to and in reckless disregard of Landmark's
16 | registered copyrights.

17 |        20.    Perreras and Transformasia, and each of them, are liable
18 | to Landmark for copyright infringement.  As one result, said copy-
19 | right infringement has caused, is causing, and will cause Landmark
20 | to suffer substantial losses and severe and irreparable harm.
21 | Losses and irreparable harm include damage to Landmark's business
22 | reputation and goodwill.  Landmark therefore is entitled to recover
23 | as and against Perreras and Transformasia, and each of them, damag-
24 | es including for Landmark's losses and for all profits said defen-
25 | dants have made pursuant to 17 USC §504(b), for at least the three
26 | years preceding the filing of this complaint.  Alternatively, Land-
27 | mark is entitled to statutory damages pursuant to 17 USC §504(c).
28 | Additionally, Landmark is entitled to enhancement of said statutory

1  damages pursuant to 17 USC §504(c)(2) because of Perreras's and

2  Transformasia's willful infringement, as herein alleged.

3      21.   Landmark also is entitled to recover its costs and rea-

4  sonable attorney's fees pursuant to 17 USC §505.

5      22.   Other than as alleged herein, Landmark does not have

6  direct access to Perreras's and Transformasia's materials infring-

7  ing the Program and the Materials.  Landmark's discovery in the

8  within matter is expected to result in:  (a) injunctive relief as

9  and against Perreras and Transformasia, and each of them, and their

10 licensees, if any, pursuant to 17 USC §502, (b) an order impounding

11 copies of all infringing and derivative materials pursuant to 17

12 USC §§503, (c) an order freezing the bank accounts used by Perreras

13 and Transformasia, and each of them, to profit from their infring-

14 ing conduct, (d) an accounting, (e) the imposition of a construc-

15 tive trust in favor of Landmark for all said profits, and (f) pre-

16 liminary and injunctive relief against said defendants, and their

17 licensees if any, enjoining them, and each of them, from infringing

18 Landmark's copyrights.

19      WHEREFORE, Landmark prays for judgment as set forth below.

20                      SECOND CLAIM FOR RELIEF
              (Federal Trademark Infringement - All Defendants)
21

22      23.   Landmark repeats and incorporates paragraphs 1 through 22

23 as though set forth in full.

24      24.   Landmark owns all right, title, and interest in and to

25 the Service Mark LANDMARK EDUCATION (Reg. No. 2,432,988), the Ser-

26 vice Mark LANDMARK EDUCATION in a rectangular box (Reg. No.

27 2,432,989), the LANDMARK FORUM (Reg. No. 1,850,938) and LANDMARK &

28 Design (USPTO Reg. No. 4,116,223), including but not limited to the

1 | exclusive rights to use the marks in connection with educational
2 | services, namely conducting workshops and seminars in the fields of
3 | effectiveness, productivity, communication, leadership, management,
4 | and personal and organizational development (together and separate-
5 | ly, the "Marks"). The foregoing itemized exclusive uses include
6 | International Class 41. The Marks are incontestable as that term
7 | is used in 15 USC §1065. Landmark's use of the Marks and varia-
8 | tions on the Marks is longstanding. Attached and incorporated as
9 | group Exhibit D are a true and correct copy of each of Landmark's
10 | operative Certificate(s) of Registration as enumerated above.

11 |     25.   As a result of Landmark's long use and continual and
12 | substantial promotion of the Marks, Landmark has established Land-
13 | mark's valuable, worldwide business reputation, goodwill, and rec-
14 | ognition in and to the Marks.   The use and attempted use of the
15 | Marks by Perreras and Transformasia, and each of them, is without
16 | permission or authorization of Landmark.

17 |     26.   Perreras and Transformasia, and each of them, are liable
18 | to Landmark for trademark infringement.   As one result, said in-
19 | fringement and attempted infringement has caused, is causing, and
20 | will cause Landmark to suffer substantial losses and severe and
21 | irreparable harm.   Losses and irreparable harm include damage to
22 | Landmark's business reputation, goodwill, and recognition.   Land-
23 | mark therefore is entitled to recover as and against Perreras and
24 | Transformasia, and each of them, damages including for Landmark's
25 | losses and for all profits said defendants have made, pursuant to
26 | 15 USC §1117(a).   Additionally, Landmark is entitled to three times
27 | said actual damages pursuant to 15 USC §1117(a) because of
28 | Perreras's and Transformasia's willful infringement, as herein

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 14

1   alleged.

2       WHEREFORE, Landmark prays for judgment as set forth below.

3                        THIRD CLAIM FOR RELIEF
             (Misappropriation Of Trade Secrets - All Defendants)

4
5       27.   Landmark repeats and incorporates paragraphs 1 through 26

    as though set forth in full.
6
7       28.   Landmark is informed and believes and on that basis al-

    leges that Perreras had and still has on his laptop computer:
8
9   Landmark's customer records, Landmark's proprietary Materials item-

10  ized in Appendix C as alleged above, printouts of Landmark's Mate-

11  rials in digital format, digital and physical forms of Landmark's

    proprietary manuals and training materials, and approximately thir-
12
13  ty seminar and Program materials in digital format presented and

    delivered by Perreras and Transformasia, and each of them.
14
15      29.   Beginning in February 2013, Landmark demanded in writing

16  that Perreras return each and all of the records, Materials, and

17  Program materials itemized in paragraph 28, above, but Perreras and

    Transformasia refused and continue to refuse to return to Landmark
18
19  said records, Materials, and Program materials.

20      30.   The refusals by Perreras and Transformasia in spite of

21  their contractual and common law obligations to return said re-

22  cords, Materials, and Program materials are misappropriations of

    Landmark's protected trade secrets.
23
24      WHEREFORE, Landmark prays for judgment as set forth below.

                         FOURTH CLAIM FOR RELIEF
25              (Breach Of Contract - All Defendants)

26      31.   Landmark repeats and incorporates paragraphs 1 through 30

27  as though set forth in full.

28      32.   Landmark is informed and believes and on that basis al-


COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.              page 15

leges that Perreras and Transformasia breached the Training Agreement, 2009 Non-Competition Agreement, No Resale Agreement, and 2012 Non-Competition Agreement by *inter alia* accessing, recording, reproducing, copying, failing to return, and otherwise duplicating some or all of the Program and the Materials in California and in the Philippines and thereafter by commercially using, reproducing, publishing, broadcasting, disclosing, duplicating, selling and reselling, and repackaging, orally and in writing, or by attempting, planning, and threatening to do the foregoing, the Program, the Materials, and the Marks in seminars, training programs, workshops, consulting, and similar business activities in the Philippines, without Landmark's approval or authorization and in spite of Landmark's written demands for their return.

33.   As a direct and proximate result of defendants' breaches of the Training Agreement, 2009 Non-Competition Agreement, No Resale Agreement, and 2012 Non-Competition Agreement, Landmark has suffered and is suffering substantial injuries and damages, including loss of business, loss of participants, and damage to Landmark's business reputation and goodwill.

34.   As alleged above, only the No Resale Agreement includes an arbitration provision (to which Transformasia is not a party). Given the non-contracting essential defendant, the limited scope of the arbitration provision, defendants' continuing copyright infringements in the Philippines, the foreign citizenship and residence of all defendants, and the ineffectiveness of an equitable remedy through arbitration, Landmark has been legally excused from performing all conditions and obligations, if any, to be performed on its part under said arbitration provision by the acts and omis-

1  sions of Perreras as herein alleged.

2      WHEREFORE, Landmark prays for judgment as set forth below.

3                    FIFTH CLAIM FOR RELIEF
          (Common Law Unfair Competition - All Defendants)
4
5      35.   Landmark repeats and incorporates paragraphs 1 through 34
   as though set forth in full.
6
7      36.   The acts and omissions to act of and by Perreras and
   Transformasia, and each of them, as herein alleged constitute com-
8
   mon law unfair competition.  Landmark is informed and believes and
9
   on that basis alleges that Perreras and Transformasia, and each of
10
   them, are commercially using, reproducing, publishing, broadcast-
11
   ing, disclosing, duplicating, selling and reselling, and repackag-
12
   ing, orally and in writing, or by attempting, planning, and threat-
13
   ening to do the foregoing, the Program, the Materials and the Marks
14
   in seminars, training programs, workshops, consulting, and similar
15
   business activities in the Philippines, without Landmark's approval
16
   or authorization and in spite of Landmark's written demands for
17
   their return.
18
19     37.   Landmark is informed and believes and on that basis al-
   leges that Perreras participated in the Program and obtained some
20
   or all of the Materials in California and the Philippines with the
21
   purpose and design of commercially using, reproducing, publishing,
22
   broadcasting, disclosing, duplicating, selling and reselling, and
23
   repackaging, orally and in writing, the Program, the Materials, and
24
   the Marks in seminars, training programs, workshops, consulting,
25
   and similar business activities in the Philippines, without Land-
26
   mark's approval or authorization and in spite of Landmark's written
27
   demands for their return.
28


COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                page 17

38.   Landmark is informed and believes and on that basis alleges that Transformasia has ratified Perreras's wrongful acts and failures to act as herein alleged, and that Perreras and Transformasia thus have been unjustly enriched and have unfairly profited from their acts of unfair competition through their use of Landmark's proprietary Program and Materials in spite of Landmark's written demands for the return of Landmark's records, Materials, and Program materials.

39.   As a direct and proximate result of Perreras's and Transformasia's unfair competition, Landmark has suffered and is suffering substantial injuries and damages, including lost profits, loss of business, loss of participants, and damage to Landmark's business reputation, goodwill, and recognition.

40.   Defendants' acts and omissions to act as alleged in this claim for relief were willful, intentional, and unprivileged and were done with malice, oppression, and fraud.  Therefore, in addition to actual damages as herein prayed, Landmark seeks to recover damages from defendants for the sake of example and by way of punishing defendants, and each of them.

WHEREFORE, Landmark prays for judgment as set forth below.

### SIXTH CLAIM FOR RELIEF
#### (Interference With Prospective Economic Advantage – All Defendants)

41.   Landmark repeats and incorporates paragraphs 1 through 40 as though set forth in full.

42.   Landmark's global business of delivering programs to individuals for personal and professional growth, training, and development includes such business in the Philippines.  Landmark delivers the Program and the Materials to individuals in the Phil-

1    ippines and facilitates delivery of and provides opportunities for
2    people in the Philippines to experience the Program, Materials, and
3    special Landmark events.

4        43.    Landmark is informed and believes and on that basis al-
5    leges that Perreras and Transformasia, and each of them, have pre-
6    vented, usurped, and interfered with Landmark's relationships with
7    and prospective relationships with those who participate in
8    Perreras's and Transformasia's seminars, training programs, work-
9    shops, consulting, and similar business activities in the Philip-
10   pines, in lieu of participating in the Program, by improperly and
11   tortiously using, reproducing, publishing, broadcasting, disclos-
12   ing, duplicating, selling and reselling, and repackaging, orally
13   and in writing, the Program, the Materials, and the Marks and by
14   refusing Landmark's written demands for the return of Landmark's
15   records, Materials, and Program materials.

16       44.    The conduct of Perreras and Transformasia, and each of
17   them, constitutes tortious interference with prospective economic
18   advantage in violation of Landmark's common law rights.

19       45.    As a direct and proximate result of Perreras's and
20   Transformasia's tortious interference with Landmark's prospective
21   economic advantage, Landmark has suffered and is suffering substan-
22   tial injuries and damages, including loss of business, loss of
23   participants, and damage to Landmark's business reputation, good-
24   will, and recognition.

25       46.    Defendants' acts and omissions to act as alleged in this
26   claim for relief were willful, intentional, and unprivileged and
27   were done with malice, oppression, and fraud.  Therefore, in addi-
28   tion to actual damages as herein prayed, Landmark seeks to recover

1 | damages from defendants for the sake of example and by way of pun-
2 | ishing defendants, and each of them.

3 |     WHEREFORE, Landmark prays for judgment as set forth below.

4 |                  SEVENTH CLAIM FOR RELIEF
        (Breach Of The Implied Covenant Of Good Faith
5 |             And Fair Dealing - Perreras)

6 |     47.    Landmark repeats and incorporates paragraphs 1 through 46
7 | as though set forth in full.

8 |     48.    The Training Agreement, 2009 Non-Competition Agreement,
9 | No Resale Agreement, and 2012 Non-Competition Agreement each con-
10 | tain an implied covenant of good faith and fair dealing which obli-
11 | gated Perreras to perform the terms and conditions of the Training
12 | Agreement, 2009 Non-Competition Agreement, No Resale Agreement, and
13 | 2012 Non-Competition Agreement fairly and in good faith, and to
14 | refrain from any act that would prevent or impede Landmark from
15 | performing any or all of the conditions and obligations to be per-
16 | formed on its part, or any act that would deprive Landmark of the
17 | benefits of the Training Agreement, 2009 Non-Competition Agreement,
18 | No Resale Agreement, and 2012 Non-Competition Agreement.

19 |     49.    Landmark has performed all conditions and obligations to
20 | be performed on Landmark's part under the Training Agreement, 2009
21 | Non-Competition Agreement, No Resale Agreement, and 2012 Non-Compe-
22 | tition Agreement, or has been legally excused from performing all
23 | conditions and obligations, if any, to be performed on its part
24 | under the Training Agreement, 2009 Non-Competition Agreement, No
25 | Resale Agreement, and 2012 Non-Competition Agreement by the acts
26 | and omissions of Perreras as herein alleged.

27 |     50.    Perreras breached the implied covenant of good faith and
28 | fair dealing by his acts and omissions, known and unknown, includ-

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.           page 20

1  ing by accessing, recording, reproducing, copying, and otherwise
2  duplicating some or all of the Program and the Materials in Cali-
3  fornia and the Philippines and thereafter by commercially using,
4  reproducing, publishing, broadcasting, disclosing, duplicating,
5  selling and reselling, and repackaging, orally and in writing, the
6  Program and the Materials in seminars, training programs, work-
7  shops, consulting, and similar business activities in the Philip-
8  pines, or by attempting, planning, and threatening to do the fore-
9  going, without Landmark's approval or authorization, and by refus-
10  ing Landmark's written demands to return Landmark's records, Mate-
11  rials, and Program materials.

12      51.   As a direct and proximate result of Perreras's breach of
13  the implied covenant of good faith and fair dealing, Landmark has
14  suffered and is suffering substantial injuries and damages, includ-
15  ing lost profits, loss of business, loss of participants, and dam-
16  age to Landmark's business reputation and goodwill.

17      WHEREFORE, Landmark prays for judgment as set forth below.

EIGHTH CLAIM FOR RELIEF
(Declaratory Relief - All Defendants)

18
19
20      52.   Landmark repeats and incorporates paragraphs 1 through 52
21  as though set forth in full.

22      53.   An actual controversy has arisen and exists regarding the
23  rights of the parties with regard to the Program, the Materials,
24  and the Marks and defendants' infringing uses in the Philippines.

25      54.   Landmark contends that Perreras and Transformasia, and
26  each of them, have no right, privilege, permission, or authoriza-
27  tion to access, record, reproduce, copy, or otherwise duplicate
28  some or all of the Program and the Materials and the Marks in Cali-

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 21

1  fornia and the Philippines or to commercially use, reproduce, pub-

2  lish, broadcast, disclose, duplicate, sell and resell, or repack-

3  age, orally or in writing, the Program and the Materials and the

4  Marks in seminars, training programs, workshops, consulting, and

5  similar business activities, and that said defendants have no right

6  to refuse Landmark's written demands that said defendants immedi-

7  ately and unconditionally return Landmark's records, Materials, and

8  Program materials.  Landmark is informed and believes and on that

9  basis alleges that Perreras and Transformasia, and each of them,

10  contend otherwise.

11      55.    Landmark desires a judicial determination that Landmark's

12  rights in the Program, the Materials, and the Marks prevent and

13  preclude Perreras and Transformasia, and each of them, from commer-

14  cially exploiting the Program, the Materials, and the Marks as

15  herein alleged, and that Perrerras and Transformasia, and each of

16  them, immediately and unconditionally return to Landmark Landmark's

17  records, Materials, and Program materials.

18      56.    A judicial declaration is necessary and appropriate at

19  this time and under the circumstances so that the parties may as-

20  certain their rights, in relation to one another, in the Program,

21  the Materials, and the Marks.

22          WHEREFORE, Landmark prays for judgment as set forth below.

23                              PRAYER

24      1.    For judgment that Perreras and Transformasia, and each of

25  them:    (a) have willfully infringed and are willfully infringing

26  and misappropriating Landmark's rights in Landmark's registered

27  copyrights and registered trademarks, in violation of 17 USC §501,

28  *et seq.*, and 15 USC §§ 1114 and 1125(a), and the common law of

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 22

1   California, and therefore have caused, are causing, and will cause

2   Landmark to suffer substantial losses and severe and irreparable

3   harm, and (b) immediately and unconditionally return to Landmark

4   each and all of Landmark's records, Materials, and Program materi-

5   als;

6        2.    For preliminary and permanent injunctive relief against

7   Perreras and Transformasia, and each of them, and against any and

8   all agents, employees, associates, representatives, servants,

9   successors and assigns of said defendants, and each of them, and

10   all others in active concert or participation with them, that they

11   be enjoined and restrained from any direct and indirect infringing

12   use of or commercial application of the Program, the Materials, and

13   the Marks, or the Program or the Materials or the Marks, including

14   using, reproducing, publishing, broadcasting, disclosing, duplicat-

15   ing, selling and reselling, misappropriating, and repackaging,

16   orally and in writing, the Program and the Materials and the Marks

17   in seminars, training programs, workshops, consulting, and similar

18   business activities, and that Perreras and Transformasia, and each

19   of them, immediately return to Landmark each and all of Landmark's

20   records, Materials, and Program materials;

21        3.    For damages including for Landmark's losses and for all

22   profits Perreras and Transformasia, and each of them, have made,

23   pursuant to 17 USC §504(b) for at least the three years preceding

24   the filing of this complaint and thereafter, including an amount in

25   excess of such profits as this Court finds just pursuant to 15 USC

26   §1117(a); or, alternatively, for statutory damages pursuant to 17

27   USC §504(c) and, and for enhancement of said statutory damages

28   pursuant to 17 USC §504(c)(2) and 15 USC §1117(b) because of

1  Perreras's and Transformasia's willful infringement;

2      4.   For an award of three times Landmark's actual damages

3  pursuant to 15 USC §1117(b), including such actual damages to com-

4  pensate Landmark for defendants' infringement and misappropriation

5  occurring prior to the filing of the within action, during the

6  pendency of the within action, and continuing after entry of judg-

7  ment in the within action, in an amount to be proven at trial;

8      5.   For:  (a) injunctive relief as and against Perreras and

9  Transformasia, and each of them, and their licensees, if any, pur-

10  suant to 17 USC §502, (b) an order impounding copies of all in-

11  fringing, misappropriated, and derivative materials pursuant to 17

12  USC §§503, (c) an order freezing the bank accounts used by Perreras

13  and Transformasia, and each of them, to profit from their infring-

14  ing conduct and misappropriation, (d) a full and complete account-

15  ing, and (e) the imposition of a constructive trust in favor of

16  Landmark for all said profits;

17      6.   For damages, including loss of business, loss of partici-

18  pants, and damage to Landmark's business reputation and goodwill

19  pursuant to applicable law;

20      7.   For exemplary and punitive damages on the fifth and sixth

21  claims for relief in an amount for the sake of example and by way

22  of punishing defendants;

23      8.   For costs of suit and reasonable attorneys' fees incurred

24  by Landmark to prosecute the within action;

25      9.   For prejudgment interest; and,

26      10.  For such other and further relief as this Court may deem

27  just and proper.

28  / / /

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.          page 24

1

<u>JURY DEMAND</u>

2      Landmark demands a trial by jury on all issues triable of right

3 by jury in the within action pursuant to FRCP 38(b) and Civil L.R.

4 38-1.

5 Dated:  June *19*, 2013

6

7

8     by _Stephen P. Brunner_

Stephen P. Brunner

9 Attorney for Plaintiff

LANDMARK WORLDWIDE LLC, a

10 Delaware limited liability company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.       page 25

# EXHIBIT  A

# APPENDIX C: MATERIALS

**WRITTEN MATERIALS**

|  |  | # of Pages |
|---|---|---|
| 1. | The Landmark Forum Leaders Manual .................................................... (Manual #661) SZ/JDM   Jan-10 | 411 |
| 2. | Landmark Forum Leader Checklist JDM Jul-03 ........................................................ | 10 |
| 3. | Levels.06 JWI 6-Mar-06 ................................................................. | 2 |
| 4. | Jean Weininger Notes of the Landmark Forum  SZ  NY  Oct-98 (Transcript #143)    ................................................................. | 239 |
| 5. | Questions and Answers Regarding Revision  ........................................... Of Well Being Policy 5-Aug-05 | 38 |
| 6. | Participant Well-Being Break Checklist ................................................... and Related Policies and Procedures 30-Apr-09 | 21 |
| 7. | Coaching Notes JDM 3-Jul-99 ................................................................. | 12 |
| 8. | Child Abuse Reporting Requirements in the United States ....................................... | 3 |
| 9. | WHAT YOU WILL GO THROUGH (Stages of Development for Someone Training to Lead the Landmark Forum)......................................................... | 3 |
| 10. | Media, Media Inquiries, and Public Relations Policies and Practices........................................ | 12 |
| 11. | Transcript of "Distinctions by SZ"  LFLF  NOR  30-Jun-00.................................................... | 9 |
| 12. | Training and Preparation Manual   CEL/MGS  5-Jul-01 updated JWI 19-Sep-03..................... | 48 |
| 13. | 'Policies and Practices of Great Service for the Landmark Forum.doc' JDM 27-Jan-05..................................................................................................................... | 4 |

# APPENDIX C: MATERIALS

## AUDIO MATERIALS
## (green label)

| | | |
|---|---|---|
| 446 | Landmark Forum  SZ  NY  Oct. 16, 17, 18, 20, 1998 | 1 DVD with 22 mp3 files |
| | Day 1        7 files | |
| | Day 2        6 files | |
| | Day 3        7 files | |
| | ES            2 files | |
| 446e1 | Excerpts from LFL Training from The Landmark Forum | |
| | SZ  NY  Oct-98 | 1 CD with 6 mp3 files |
| 471 | Source Document read by SZ  LFLF NOR  30-Jun-00 | 1 CD |
| 472 | Key Distinctions by SZ  LFLF  NOR  30-Jun-00 | 1 CD |
| 517e | Mock for Hecklers edited by Tirzah Cohen 30-Aug-02 | 1 CD |

## VIDEOS TO BE VIEWED DURING INTENSIVE  (then returned to WHQ library)
## (blue label)

| | | |
|---|---|---|
| 469 | Landmark Forum  SZ  NY  Oct-98 | 22 DVD set |
| | Day 1        7 discs | |
| | Day 2        6 discs | |
| | Day 3        7 discs | |
| | ES            2 discs | |
| 499 | Media Excerpt at LFL Days  MKA  CHI  11-Apr-01 | 1 DVD |
| 507 | LFL Candidate Training  SRO /Jewel Walker | 2 DVDs |

# EXHIBIT  B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 1-120-461**

TXU 120461

EFFECTIVE DATE OF REGISTRATION

8    15    2003
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

The Landmark Forum Leaders Manual

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**a**

**NAME OF AUTHOR ▼**

Landmark Education LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☑ No
Pseudonymous?   ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
Editorial revisions and new text

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2003 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   ◀ Nation

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Landmark Education LLC  353 Sacramento Street  Suite 200  San Francisco  CA  94111

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
AUG 15 2003
ONE DEPOSIT RECEIVED
AUG 15 2003
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.   Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

*Special relief granted under 37 C F R
202.20(d)

| EXAMINED BY | slm | FORM TX |
| CHECKED BY | | |
| ☑ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**5**

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes  ☐ No  If your answer is Yes  why is another registration being sought? (Check appropriate box ) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☑ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes" give Previous Registration Number ▶ TXu 943 557          Year of Registration ▶ 2000

**6**

DERIVATIVE WORK OR COMPILATION
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

The Landmark Forum (Reg. No. TXu 943 557)          a

Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

Editorial revisions and new text          b

See instructions before completing this space

**7**

DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼                                    Account Number ▼          a

Fee submitted herewith

CORRESPONDENCE Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼          b

James R Robinson  Baker Botts L L P  One Shell Plaza  910 Louisiana  Houston  TX  77002-4995

Area code and daytime telephone number ▶ 713 229 2156          Fax number ▶ 713 229 7956
Email ▶   james.robinson@bakerbotts.com

**8**

CERTIFICATION   I  the undersigned  hereby certify that I am the
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Landmark Education LLC
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge

Check only one ▶

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

Arthur Schreiber          Date ▶ Avgvst 6, 2003

Handwritten signature (X) ▼
X _____

**9**

| Certificate will be mailed in window envelope to this address | Name ▼  James R Robinson | |
| | Number/Street/Apt ▼  Baker Botts L L P  One Shell Plaza  910 Louisiana | |
| | City/State/ZIP ▼  Houston  TX  77002-4995 | |

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev June 2002—20 000    Web Rev June 2003    ☺ Printed on recycled paper          U S Government Printing Office 2000-461 113/20 021

# EXHIBIT  C

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM TX

UNITED STATES COPYRIGHT OFFICE



REGISTRATION NUMBER

TXu 782-623

EFFECTIVE DATE OF REGISTRATION

FEB 1 8 1997

Month        Day        Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Sex and Intimacy:   From Predicament to Possibility

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼

## 2

**NAME OF AUTHOR ▼**

Landmark Education Corporation

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____ USA _____
     Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

Entire text.

**NOTE**
Under the law, the "author" of a...

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

## 3

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1995 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.   Month ▶ _____ Day ▶ _____ Year ▶ _____   ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Landmark Education Corporation
353 Sacramento Street, Suite 200
San Francisco, CA 94111

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
FEB 18 1997
ONE DEPOSIT RECEIVED
FEB 19 1997
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.   • See detailed instructions.   • Sign the form at line 10.

DO NOT WRITE HERE

2

| EXAMINED BY | | FORM TX |
|---|---|---|
| CHECKED BY | | |

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give **Previous Registration Number ▼**       **Year of Registration ▼**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

See instructions
before completing
this space

—space deleted—

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** A signature on this form at space 10, and a check in one of the boxes here in space 8, constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office. (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.
a ☐ Copies and Phonorecords        b ☐ Copies Only        c ☐ Phonorecords Only

See instructions

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
**Name ▼**                                       Account Number ▼
    Fee submitted herewith

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
    Scott F. Partridge
    Baker & Botts, L.L.P.
    910 Louisiana
    Houston, TX 77002   Area Code & Telephone Number ▶  (713) 229-1569       FAX: (713) 229-1522

Be sure to
give your
daytime phone
number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
                                      Check one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Landmark Education Corporation
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.
    Arthur Schreiber                                       date ▶ Nov. 22, 1996

        Handwritten signature (X) ▼

| MAIL CERTIFI-CATE TO | Name ▼   Scott F. Partridge |
|---|---|
| | Number/Street/Apartment Number ▼   Baker & Botts, L.L.P.   910 Louisiana |
| Certificate will be mailed in window envelope | City/State/ZIP ▼   Houston, TX  77002 |

• Complete all necessary spaces
• Sign your application in space 10

1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559

\* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1991—200,000

# EXHIBIT  D

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.



REGISTER OF COPYRIGHTS
United States of America



## FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REG

**TXu 1 – 023 – 394**

EFFECTIVE DATE OF REGISTRATION

APR   18   2001
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

Landmark Introduction Leaders Program Weekends Manual

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**

a  Landmark Education Corporation

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire text.

**NAME OF AUTHOR ▼**

b

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

c

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ◀ Year in all cases.
2000

**b  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____  ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Landmark Education Corporation
353 Sacramento Street, Suite 200
San Francisco, CA 94111

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
APR 1   2001
ONE DEPOSIT RECEIVED
APR 18 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

*DO NOT WRITE HERE OFFICE USE ONLY*

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ____ pages

| | |
|---|---|
| EXAMINED BY | FORM TX |
| CHECKED BY | |
| CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes   ☐ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ TXu 870-436    Year of Registration ▶ 1999

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

Landmark Introduction to the Forum Leaders Program (IFLP) Weekends Manual

**a**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

Substantial revisions and additions to entire work.

**b**

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼    Account Number ▼

Fee submitted herewith.

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Roger Donley
Baker Botts L.L.P.
910 Louisiana
Houston, TX 77002

Area code and daytime telephone number ▶ (713) 229-1285       Fax number ▶ (713) 229-1522

Email ▶ roger.donley@bakerbotts.com

**b**

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Landmark Education Corporation

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Arthur Schreiber        Date ▶ APRIL 13, 2001

Handwritten signature (X) ▼

X _____

**8**

| | |
|---|---|
| Certificate will be mailed in window envelope to this address: | Name ▼ Roger Donley Baker Botts L.L.P. Number/Street/Apt ▼ 910 Louisiana City/State/ZIP ▼ Houston, TX 77002 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form TX is $30.

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—200,000
WEB REV: June 1999

☉ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/49

E1477811329US

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.



REGISTER OF COPYRIGHTS
United States of America



## FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

TXu 1-023-393

APR 18 2001
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

Landmark Introduction Leaders Program Classrooms Manual

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

**2**

NAME OF AUTHOR ▼
a Landmark Education Corporation

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ USA _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?   ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire text.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼
c

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given in all cases.
2000 ◀ Year

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information   Month ▶ _____ Day ▶ _____ Year ▶ _____
ONLY if this work has been published.   ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Landmark Education Corporation
353 Sacramento Street, Suite 200
San Francisco, CA 94111

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
APR 18 2001
ONE DEPOSIT RECEIVED
APR 18 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY _____  **FORM TX**

CHECKED BY _____

CORRESPONDENCE ☑Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form.
b ☐ This is the first application submitted by this author as copyright claimant.
c ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ TXu 870-435   Year of Registration ▶ 1999

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

Landmark Introduction to the Forum Leaders Program (IFLP) Classrooms Manual

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Substantial revisions and additions to entire work.

**6** a b

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼   Account Number ▼

Fee submitted herewith.

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Roger Donley
Baker Botts L.L.P.
910 Louisiana
Houston, TX 77002

Area code and daytime telephone number ▶ (713) 229-1285   Fax number ▶ (713) 229-1522
Email ▶ roger.donley@bakerbotts.com

**7** a b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Landmark Education Corporation
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Arthur Schreiber   Date ▶ APRIL 13, 2001

Handwritten signature ▼
X _____

**8**

Certificate will be mailed in window envelope to this address:
Name ▼ Roger Donley
Baker Botts L.L.P.
Number/Street/Apt ▼ 910 Louisiana
City/State/ZIP ▼ Houston, TX 77002

**9**

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—200,000
WEB REV June 1999

☆U.S. GOVERNMENT PRINTING OFFICE 1999-454-879/49



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Nicholas P. Godici*

Acting Director of the United States Patent and Trademark Office

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,432,988
Registered Mar. 6, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## LANDMARK EDUCATION

LANDMARK EDUCATION CORPORATION (CA-
LIFORNIA CORPORATION)
353 SACRAMENTO STREET
SUITE 200
SAN FRANCISCO, CA 94111

FOR: EDUCATIONAL SERVICES, NAMELY
CONDUCTING WORKSHOPS AND SEMINARS IN
THE FIELDS OF EFFECTIVENESS, PRODUCTIV-
ITY, COMMUNICATION, LEADERSHIP, MANAGE-
MENT, AND PERSONAL AND ORGANIZATIONAL

DEVELOPMENT, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 6-1-1991; IN COMMERCE 6-1-1991.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "EDUCATION", APART FROM
THE MARK AS SHOWN.

SER. NO. 75-753,078, FILED 7-14-1999.

KAREN BRACEY, EXAMINING ATTORNEY

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Nicholas P. Godici*

Acting Director of the United States Patent and Trademark Office

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,432,989
Registered Mar. 6, 2001

## SERVICE MARK
## PRINCIPAL REGISTER

**Landmark**Education

LANDMARK EDUCATION CORPORATION (CA-
    LIFORNIA CORPORATION)
353 SACRAMENTO STREET
SUITE 200
SAN FRANCISCO, CA 94111

    FOR: EDUCATIONAL SERVICES, NAMELY
CONDUCTING WORKSHOPS AND SEMINARS IN
THE FIELDS OF EFFECTIVENESS, PRODUCTIV-
ITY, COMMUNICATION, LEADERSHIP, MANAGE-
MENT, AND PERSONAL AND ORGANIZATIONAL
DEVELOPMENT, IN CLASS 41 (U.S. CLS. 100, 101
AND 107).

FIRST USE 6-1-1991; IN COMMERCE 6-1-1991.

    NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "EDUCATION", APART FROM
THE MARK AS SHOWN.

    SER. NO. 75-753,092, FILED 7-14-1999.

KAREN BRACEY, EXAMINING ATTORNEY



## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-third day of August 1994.

Int. Cl.: 41

Prior U.S. Cl.: 107

Reg. No. 1,850,938

# United States Patent and Trademark Office   Registered Aug. 23, 1994

## SERVICE MARK
### PRINCIPAL REGISTER

## LANDMARK FORUM

LANDMARK EDUCATION CORPORATION (CALIFORNIA CORPORATION)
353 SACRAMENTO STREET, SUITE 200
SAN FRANCISCO, CA 94111

  FOR: EDUCATIONAL SERVICES; NAMELY, CONDUCTING SEMINARS PRIMARILY FOR ADULTS WHICH EXPLORE THE FUNDAMENTAL NATURE OF INDIVIDUAL EFFECTIVENESS, PRODUCTIVITY AND COMMUNICATION, AND OFFER TRAINING AND DEVELOPMENT IN CREATING EXTRAORDINARY ACCOMPLISHMENTS AND RESULTS, IN CLASS 41 (U.S. CL. 107).
  FIRST USE 3-1-1993; IN COMMERCE 3-1-1993.
  NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FORUM", APART FROM THE MARK AS SHOWN.

  SER. NO. 74-379,692, FILED 4-19-1993.

CHARLES WEIGELL, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,116,223**

**Registered Mar. 20, 2012**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

LANDMARK EDUCATION LLC (DELAWARE LIMITED LIABILITY COMPANY)
353 SACRAMENTO STREET
SAN FRANCISCO, CA 94111

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING WORKSHOPS AND SEMINARS
IN THE FIELDS OF EFFECTIVENESS, PRODUCTIVITY, COMMUNICATION, LEADERSHIP,
MANAGEMENT, AND PERSONAL AND ORGANIZATIONAL DEVELOPMENT, IN CLASS
41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 2-0-2011; IN COMMERCE 2-0-2011.

OWNER OF U.S. REG. NOS. 2,432,988, 2,474,996, AND OTHERS.

SN 85-289,638, FILED 4-7-2011.

MARK RADEMACHER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**